ARLEO LAW FIRM, PLC
ELIZABETH J. ARLEO (CASB No. 201730)
1672 Main Street, Suite E, PMB 133
Ramona, CA 92065
Telephone: 760/789-8000
760/789-8081 (fax)
Email: elizabeth@arleolaw.com

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL F. MADDEN,<br><br>               Plaintiff,<br><br>   vs.<br><br>MIDLAND CREDIT MANAGEMENT, INC.<br><br>              Defendant. | CASE NO.  10 CV 0181 L NLS<br><br>FIRST AMENDED COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 *ET SEQ* AND CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CA. CIV. CODE 1788 *ET SEQ.* |

Plaintiff, Daniel F. Madden ("Plaintiff"), alleges as follows against defendant Midland Credit Management, Inc. ("Defendant") on information and belief, unless otherwise indicated, formed after an inquiry reasonable under the circumstances as follows:

## GENERAL ALLEGATIONS

1.      This action arises out of Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§1788-1788.32 ("CA FDCPA") and the Federal Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* ("FDCPA").

2.      The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses. (15 U.S.C. §1692(a) – (e)).

3.      The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair and deceptive acts or practices.

4.      Plaintiff brings this action to challenge the misconduct of Defendant with regard to Defendant's attempts to unlawfully, oppressively, fraudulently, and/or maliciously collect an alleged debt claimed to be originally owed to Providian Bank by Plaintiff which caused Plaintiff actual and statutory damages.

5.     The use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers of Defendant.

### JURISDICTION AND VENUE

6.     This Court has jurisdiction over this action pursuant to 15 U.S.C. §1692k(d), and 28 U.S.C. §1331.  Supplemental jurisdiction for the state law claims arises pursuant to 28 U.S.C. §1367.

7.     Venue is proper in this district under 28 U.S.C. §1391(b) because Defendant has a principal place of business address of 8875 Aero Drive, Suite 200, San Diego, California 92123.

8.     Personal jurisdiction is established because Defendant resides in and does business in the State of California.

### PARTIES

9.     Plaintiff, Daniel F. Madden, is an individual who resides in County of Yolo, in the State of California.

10.     Plaintiff was obligated or allegedly obligated to pay a debt, and is, therefore a "consumer" as that terms is defined by 15 U.S.C. §1692a(3) of the FDCPA and Cal. Civ. Code §1788.2(h) of the CA FDCPA.

11.     Defendant Midland Credit Management, Inc. is a corporation regularly engaged in attempting to collect debts owed to another in this state.

12.     Defendant's principal place of business is 8875 Aero Drive, Suite 200, San Diego, CA 92123.

13.     Defendant is a person which uses an instrumentality of interstate commerce or the mails in a business, the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

14.     Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

15.     Defendant is a "debt collector" as defined by the CA FDCPA, Cal. Civil. Code §1788.2(c) (as incorporated by Cal. Business & Professions Code §6077.5).

**FACTUAL ALLEGATIONS**

16.     This case involves money, property or other equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civil Code §1788.2(f).

17.     Sometime prior to January 1, 2004, Plaintiff held a credit card with Providian Bank and incurred charges for primarily personal, family or household purposes in an amount less than $14,000.

18.     Therefore, the alleged debt that Defendant attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5) and the CA FDCPA, Cal. Civil Code §1788.2(f).

19.     The original creditor for the alleged debt was Providian Bank.

20.     Sometime prior to April 1, 2005, Plaintiff fell behind on the payments owed on the alleged debt.

21.     Thus, as of approximately April 1, 2009, the alleged debt was unenforceable under California's four-year statute of limitations.

22.     On or about April 16, 2008, the alleged debt in the amount of $17,424 was purchased by, assigned, or otherwise transferred to Defendant for collection.

23.     On or about September 18, 2009, Defendant sent a dunning letter addressed to Plaintiff's home and in the name of Plaintiff seeking to collect the alleged debt and stating that the "current balance" due was $25,860.05. A true and correct copy of Defendant's September 18, 2009 letter is attached hereto as <u>Exhibit 1</u>.

24.     On or about October 1, 2009, Plaintiff sent a letter to Defendant which disputed the alleged debt and requested that Defendant provide verification of the alleged debt. A true and correct copy of Plaintiff's October 1, 2009 letter is attached hereto as <u>Exhibit 2</u>.

25.     Defendant received Plaintiff's letter soon after October 1, 2009.

26.     On or about October 12, 2009, Defendant sent another letter addressed to Plaintiff's home and in the name of Plaintiff stating that the "current balance" due was $26,020.29 and that

1   ""[a]s part of our investigation of your dispute, it would be helpful to have a copy of any

2   documentation you may have that supports your dispute."  A true and correct copy of Defendant's

3   October 12, 2009 letter is attached hereto as <u>Exhibit 3</u>.

4          27.     On or about October 29, 2009, Defendant sent another dunning letter addressed to

5   Plaintiff's home and in the name of Plaintiff seeking to collect the alleged debt and stating that the

6   "current balance" due was $26,100.41.  A true and correct copy of Defendant's October 29, 2009

7   letter is attached hereto as <u>Exhibit 4</u>.

8          28.     On or about December 10, 2009, Defendant sent another dunning letter addressed to

9   Plaintiff's home and in the name of Plaintiff seeking to collect the alleged debt and stating that the

10  "current balance" due was $26,340.77.  A true and correct copy of Defendant's December 10, 2009

11  letter is attached hereto as <u>Exhibit 5</u>.

12         29.     On or about January 21, 2010, Defendant sent another dunning letter addressed to

13  Plaintiff's home and in the name of Plaintiff seeking to collect the alleged debt and stating that the

14  "current balance" due was $26,581.13.  A true and correct copy of Defendant's January 21, 2010

15  letter is attached hereto as <u>Exhibit 6</u>.

16         30.     At no time after Plaintiff's October 1, 2009 request, did Defendant send verification

17  of the alleged debt or otherwise inform Plaintiff specifically about Defendant's investigation.

18         31.     The letters sent by Defendant (<u>Exs. 1 and 3-6</u>) were "communications" as that term is

19  defined by 15 U.S.C. §1692a(2) of the FDCPA and as used in the CA FDCPA.

20         32.     As a result of Defendant's conduct, Plaintiff has suffered and continues to suffer from

21  emotional distress.   For example, after each letter from Defendant, Plaintiff's anxiety was

22  heightened.  He felt frustrated that Defendant repeatedly ignored his request for validation and was

23  fearful that Defendant would contact him telephonically or in person.

**FIRST CAUSE OF ACTION CLAIMED AGAINST DEFENDANT**

**(Violations of the Fair Debt Collection Practices Act ("FDCPA"),
15 U.S.C. §1692, *et seq.*)**

27         33.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as

28  though fully stated herein.

34. The foregoing acts and/or omissions of Defendants constitute numerous and multiple violations of the FDCPA, including but not limited to the following actions taken against Plaintiff:

(a) Defendant violated 15 U.S.C. §1692e by using false, deceptive, or misleading representations or means in connection with the collection of a debt. Defendant's October 12, 2009 letter (Exhibit 3) misrepresents that Defendant would validate the alleged debt in response to Plaintiff's request. Defendant's October 12, 2009 letter also falsely implies that Plaintiff should have provided supporting documentation for Defendant's "investigation" and in order for Defendant to provide verification of the alleged debt when the burden is on Defendant to verify the debt. Defendant's October 29, 2009, December 10, 2009 and January 21, 2010 collection letters (Exhibits 4-6) falsely imply that the alleged debt has been properly investigated, validated and is no longer in dispute.

(b) Defendant violated 15 U.S.C. §1692e(2)(A) by giving the false impression of the character, amount or legal status of the alleged debt. Defendant's October 29, 2009, December 10, 2009 and January 21, 2010 collection letters (Exhibits 4-6) give the false impression that that current balances stated therein ($26,100.41, $26,340.77 and $26,581.13, respectively) have been verified as correct and are no longer in dispute.

(c) Defendant violated 15 U.S.C. §1692e(2)(A) by misstating the status of the debt. Defendant's October 29, 2009, December 10, 2009 and January 21, 2010 collection letters (Exhibits 4-6) give the false impression that the alleged debt has been properly investigated, validated and is no longer in dispute.

(d) Defendant violated 15 U.S.C. §1692e(10) by using a false representation or deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer. Defendant's October 12, 2009 letter (Exhibit 3) falsely indicates that it is Plaintiff's burden to provide documentation to dispute the alleged debt rather than Defendant's burden to verify the alleged debt. The same letter also falsely states that Defendant would conduct an investigation of the dispute in response to Plaintiff's October 1, 2009 letter (Exhibit 2) and respond accordingly. Defendant did not provide any verification nor did it inform Plaintiff that Defendant was unable to verify the alleged debt.

1    (e)    Defendant violated 15 U.S.C. §1692f by using unfair or unconscionable

2    means to collect or attempt to collect a debt.  Defendant's October 12, 2009 letter (Exhibit 3)

3    would lead the least sophisticated debtor to believe that Defendant was in the process of

4    investigating and verifying the alleged debt in response to Plaintiff's request (Exhibit 2).

5    Defendant conducted no reasonable inquiry into the dispute **prior to** sending subsequent collection

6    notices on October 29, 2009, December 10, 2009 and January 21, 2010 (Exhibits 4-6) which

7    would lead the least sophisticated debtor to believe that Defendant had determined that the alleged

8    debt was no longer in dispute.

9    35.    Defendant violated 15 U.S.C. §1692f(1) by attempting to collect an amount not

10   authorized by the agreement that created the debt or permitted by law.  On or about April 16, 2008,

11   the alleged debt in the amount of $17,424 was purchased by, assigned, or otherwise transferred to

12   Defendant for collection.  Defendant's September 18, 2009 letter (Exhibit 1) attempts to collect a

13   "current balance" of $25,860.05; Defendant's October 12, 2009 letter (Exhibit 3) attempts to collect

14   a "current balance" of $26,100.41; Defendant's December 10, 2009 letter (Exhibit 5) attempts to

15   collect a "current balance" of $26,340.77; and Defendant's January 21, 2010 letter (Exhibit 6)

16   attempts to collect a "current balance" of $26,581.13.  According to Defendant's calculations, during

17   that 17-month period between April 2008 and January 2010, the amount of the alleged debt grew

18   $9,157.  That amount exceeds by 50%, the amount claimed to be owed ($17,424) when Defendant

19   purchased the debt in 2008.

20   36.    As a result of the above-described violations of the FDCPA, Plaintiff has suffered

21   emotional distress and out-of-pocket expenses and is therefore entitled to recover actual damages

22   from Defendant pursuant to 15 U.S.C. §1692k(a)(1).  Plaintiff is also entitled to additional statutory

23   damages pursuant to 15 U.S.C. §1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to

24   15 U.S.C. §1692k(a)(3).

25

26

27

28

**SECOND CAUSE OF ACTION CLAIMED AGAINST DEFENDANT**

**(Violations of the California Fair Debt Collection Practices Act
Cal. Civil Code §1788, *et seq.*)**

37.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

38.     The foregoing acts and/or omissions of Defendant violates the CA FDCPA. Defendant violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above.

39.     Defendant's violations of the CA FDCPA were willful and knowing.

40.     As a result of the above-described violations of the CA FDCPA, Plaintiff has suffered out-of-pocket expenses and is therefore entitled to recover actual damages from Defendant pursuant to Cal. Civil Code §1788.30(a), statutory damages for a knowing or willful violation pursuant to Cal. Civil Code §1788.30(b), and reasonable attorney's fees and costs pursuant to Cal. Civil Code §1788.30(c) from Defendant.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendant for:

First Cause of Action

    A.  An award of actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    B.  The maximum amount of statutory damages provided under 15 U.S.C. §1692k(a)(2)(A);

    C.  An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k(a)(3) against Defendant; and

    D.  Such other or further relief as the Court deems just and proper.

Second Cause of Action

    E.  An award of actual damages pursuant to Cal. Civil Code §1788.30(a);

    F.  The maximum amount of statutory damages provided under Cal. Civil Code §1788.30(b);

1          G.  For an award of costs of litigation and reasonable attorneys' fees pursuant to

2              Cal. Civil Code §1788.30(c); and

3          H.  Such other or further relief as the Court deems just and proper.

4  DATED:  February 16, 2010          Respectfully submitted,

ARLEO LAW FIRM, PLC
ELIZABETH J. ARLEO


_____s/Elizabeth J. Arleo_____
ELIZABETH J. ARLEO

1672 Main Street, Suite E, PMB 133
Ramona, CA 92065
Telephone: 760/789-8000
760/789-8081 (fax)

Attorney for Plaintiff

**EXHIBIT 1**

**mcm**
Dept. 12421
PO Box 603
Oaks, PA 19456

| MCM Account Number |
| --- |
| |
| **Original Creditor** |
| **PROVIDIAN BANK** |
| **CURRENT BALANCE** |
| **$25,860.05** |

09-18-2009

#BWNHLTH
#0000 0852 7509 9375#
DANIEL F MADDEN

Hours of Operation:
M-Th 5am - 7pm; Fri 6am - 5pm;
Sat 6am - Noon PST

## Choose The Option That Works For You

Dear DANIEL F,

Midland Credit Management, Inc., understands a one-size payment plan doesn't fit everyone's needs. Special offers are now available to help you resolve your unpaid PROVIDIAN BANK account. Select one of the three options below and get closer to having one less thing to worry about.

**Benefits of Paying!**

▸ We will stop all interest to your account!

| **Option 1: 40% OFF** | You Pay Only |
| --- | --- |
| Payment Due Date: 10-18-2009 | **$15,516.03** |

▸ Your credit report will be updated with the payments made!*

| **Option 2: 20% OFF** | 6 Monthly Payments of Only |
| --- | --- |
| First Payment Due Date: 10-18-2009 | **$3,448.00** |

▸ Once you make your agreed-upon payments to settle your account, your credit report will be updated as 'Paid in Full'!*

**Option 3:** Mont...

• Call today to discuss your options...

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

Sincerely,

Midland Credit Management
(800) 282-1944

Pay your bill online and view additional offers- log on to www.mcmpayments.com today!

* Your credit report will not be updated if the federal reporting period has expired.

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

*Please tear off and return lower portion with payment in the envelope provided*

## Choose The Option That Works For You.

Dear DANIEL F,

Midland Credit Management, Inc., understands a one-size payment plan doesn't fit everyone's needs. Special offers are now available to help you resolve your unpaid PROVIDIAN BANK account. Select one of the three options below and get closer to having one less thing to worry about.

**Benefits of Paying!**

- We will stop applying interest to your account!

- Your credit report will be updated with the payments made!*

- Once you make your agreed-upon payments to settle your account, your credit report will be updated as "Paid in Full"!*

| **Option 1: 40% OFF** | You Pay Only |
|---|---|
| Payment Due Date: 10-18-2009 | **$15,516.03** |

| **Option 2: 20% OFF** | 6 Monthly Payments of Only |
|---|---|
| First Payment Due Date: 10-18-2009 | **$3,448.00** |

| **Option 3:** Monthly Payments as low as | $50 per month |
|---|---|
| † Call today to discuss your options and get more details. | |

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

Sincerely,

Midland Credit Management
(800) 282-2644

Pay your bill online and view additional offers-
log on to www.mcmpayments.com today!

\* Your credit report will not be updated if the federal reporting period has expired.

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

*Please tear off and return lower portion with payment in the envelope provided*

## PAYMENT COUPON

MCM Account No.:
Current Balance: $25,860.05

**Payment Due Date:** 10-18-2009

Amount Enclosed: _____

Payment Options:
1) Mail in this coupon with your payment
2) Pay by phone (800) 282-2644

Make Check Payable to:
Midland Credit Management, Inc.

**mcm** Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

12 8527509937 3 1551603 101609 9

3945 - PMPT - 8507

**EXHIBIT 2**

Daniel Madden



Midland Credit Management
P.O. Box 603
Oaks, PA 19456

Date :Oct   2009
Re: Acct #

To Whom It May Concern,

This letter is being sent to you in response to a notice sent to me on September 30, 2009. This is a notice sent pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b) that your claim is disputed and validation is requested.

This is a request for validation of the above debt. In accordance with the FDCPA, I have the right to request for a validation of my debt. This is asking for proof regarding this and verifying the same.

Please attach copies of the following with the reply:

1. The agreement which authorizes the creditor to collect debt on the alleged debt.
2. The signed agreement from the debtor conforming to pay the creditor
3. The documents regarding the payments made on this account validating the amount.
4. Proof the Statue Of Limitations has not expired on this account

If your office is to respond to this request within **30 days** from the date of your receipt, all references to this account must be completely removed from my credit file and a copy of such deletion request must be sent to me immediately.

I would also like to request to you, in writing, that no **telephone contact** be made by your offices to my home or to my place of employment, under my right according to the Fair Debt Collection Practices Act. All future communications with me must be done in writing and sent to the address above in this letter.

I am advising you to make sure that **your records are in order or I will be forced to take legal action** against you.

Thank You,


Daniel Madden

**EXHIBIT 3**



**mcm**
PO Box 603
Oaks, PA 19456

|||||||| ||||||||||||||| ||| ||||| || |||||||||||||||||||||| ||||||||||||||||||| ||||| ||||| ||

| | |
|---|---|
| Contact Information: | Tel (800) 825-8131 |
| Hours of Operation: | M-Th 6am - 7pm, Fri-Sat 6am - 5pm PST |

10-12-2009



#BWNHLTH
#0000 0852 7509 9373#
DANIEL F MADDEN

2344-1325

| | |
|---|---|
| Original Creditor: | PROVIDIAN BANK |
| Original Account No.: | ▮▮▮▮▮▮▮▮▮▮ |
| MCM Account No.: | ▮▮▮▮▮▮▮▮▮ |
| Current Balance: | $26,020.29 |

|||||||||||||||||||||||||||||||||||||||||

---

Dear DANIEL F MADDEN,

The purpose of this letter is to request your assistance so that we may reach a quick resolution to your dispute.

As part of our investigation of your dispute, it would be helpful to have a copy of any documentation you may have that supports your dispute. In the interim, we have requested that the three major consumer credit reporting agencies change the status of this account to "Disputed."*

Please mail or fax cancelled checks, paid letters, police reports, or any other documentation you may have to support your claim to: (800) 306-4443 Attention: Consumer Relations.

We can be reached at (800) 825-8131 ext. 32980, should you have any further questions.

Please understand this communication is from a debt collector. This is an attempt to collect a debt. Any information will be used for that purpose.

Sincerely,

Consumer Relations
**(800) 825-8131 Ext 32980**

*Your credit report will not be updated if the federal reporting period has expired.

**EXHIBIT 4**



mcm   Dept. 1⸱2
PO Box 90?
Oaks, PA 19456

10-29-2008

#BWNHLTH
#0000 0852 7509 9373#       3944  24020
DANIEL F MADDE⸱

| | MCM Account Number |
|---|---|
| | |
| | **Original Creditor** |
| | PROVIDIAN BANK |
| | **CURRENT BALANCE** |
| | $26,100.41 |

Hours of Operation:
M-Th 6am - 7pm; Fri 6am - 5pm;
Sat 6am - Noon PST

### Choose the Option That Works For You.

Dear DANIEL F,

Midland Credit Management, Inc., understands a one-size payment plan doesn't fit everyone's needs.  Special offers are now available to help you resolve your unpaid PROVIDIAN BANK account.  Select one of the three options below and get closer to having one less thing to worry about.

**Option 1: 40% OFF**                                     You Pay Only
Payment Due Date: 11-28-2008                              **$15,660.25**

**Option 2: 20% OFF**                      12 Monthly Payments of Only
First Payment Due Date: 11-28-2008                        **$1,740.02**

**Option 3:** Monthly ⸱⸱⸱ as ⸱ow as:          $100 p⸱⸱ ⸱⸱th†
⸱⸱ Call today to discuss ⸱⸱⸱ ⸱ns and get more details.

### Benefits of ⸱⸱⸱

• We will stop applying interest to your account!

• Your credit report will be updated with the payments made!*

• Once you make your agreed-upon payments to settle your account, your credit report will be updated as "Paid in Full!"*

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that works.

CALL US TODAY!

(800) 282-2644

Sincerely,

Midland Credit Management
(800) 282-2644

* Your credit report will not be updated if the federal reporting period has expired.

Pay your bill online and view additional offers—
log on to **www.mcmpayments.com** today!

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

*Please tear off and return lower portion with payment in the envelope provided*

**PAYMENT COUPON**

MCM Account No.:
Current Balance:

Payment Due Date: 11-28-2009

Amount Enclosed: _____

Payment Options:
1) Mail in this coupon with your payment
2) Pay by phone (800) 282-2644

Make Check Payable to:
Midland Credit Management, Inc.

**mcm** Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578

3944 - PMP3 - 24020

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

IMPORTANT DISCLOSURE INFORMATION

IMPORTANT DISCLOSURE INFORMATION

This is a communication from a debt collector. This is an attempt to collect a debt.
Any information obtained will be used for that purpose.

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit-reporting agency if you fail to fulfill the terms of your credit obligations.

**EXHIBIT 5**

**mcm**
Department 12421
PO Box 603
Oaks, PA 19456

| ███████ Account Number |
| --- |
| ████████ |

| Original Creditor |
| --- |
| PROVIDIAN BANK |

| CURRENT BALANCE |
| --- |
| $26,340.77 |

12-10-2009

Hours of Operation:
M - Th 6am - 7pm; Fri 6am - 5pm;
Sat 6am - noon PST

#BWNHLTH
#0000 0852 7509 9373#
DANIEL F MADDEN

## Choose The Option That Works For You.

Dear DANIEL F,

Midland Credit Management, Inc., understands a one-size payment plan doesn't fit everyone's needs. Special offers are now available to help you resolve your unpaid PROVIDIAN BANK account. Select one of the three options below and get closer to having one less thing to worry about.

| Option 1: 40% OFF | You Pay Only |
| --- | --- |
| Payment Due Date: 01-09-2010 | $15,804.46 |

| Option 2: 20% OFF | 6 Monthly Payments of Only |
| --- | --- |
| First Payment Due Date: 01-09-2010 | $3,512.10 |

| Option 3: Monthly Payments As Low As: | $50 per month† |
| --- | --- |
| Call today to discuss your options and get more details. | |

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

Sincerely,

Midland Credit Management
(800) 282-2644

**Pay your bill online and view additional offers-
log on to www.mcmpayments.com today!**

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION.

### Benefits of Paying!

> **We will stop applying interest to your account!**

> **Your credit report will be updated with the payments made!\***

> Once you make your agreed-upon payments to settle your account, your credit report will be updated as 'Paid in Full'!\*

### CALL US TODAY!

**(800) 282-2644**

\* Your credit report will not be updated if the federal reporting period has expired.

*Please tear off and return lower portion with payment in the envelope provided*

Important Disclosure Information

> **Please understand this is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit-reporting agency if you fail to fulfill the terms of your credit obligations.

## PAYMENT COUPON

MCM Account No.:
Current Balance:         $26,340.77

**Payment Due Date:     01-09-2010**

Amount Enclosed: _____

Payment Options:
1) Mail in this coupon with your payment
2) Pay by phone (800) 282-2644

Make Check Payable to:
Midland Credit Management, Inc.

**mcm** Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles CA 90060-0578

12 8527509937 3 1580446 010910 4

3LUNDB0909_64811-02_0021823

PMPT        ENBLLTR-809

**EXHIBIT 6**



**mcm** Dept 12421
PO Box 603
Oaks, PA 19456

| MCM Account Number |
| --- |
| ▬▬▬▬▬▬ |
| **Original Creditor** |
| PROVIDIAN BANK |
| **CURRENT BALANCE** |
| **$26,581.13** |

Hours of Operation:
M-Th 6am - 7pm, Fri 6am - 5pm,
Sat 6am - Noon PST

01-21-2010

#BWNHLTH
#0C00 0852 7509 9373#
DANIEL F MADDEN

Hdahddddhhdhahddhhhdhhldhmhhhl

---

### Choose The Option That Works For You.

Dear DANIEL F,

Midland Credit Management, Inc., understands a one-size-fits-all payment plan doesn't fit everyone's needs. Special offers are now available to help you resolve your unpaid PROVIDIAN BANK account. Select one of the three options below and get closer to having one less thing to worry about

**Option 1: 40% OFF**                    You Pay Only
Payment Due Date: 02-20-2010                **$15,948.68**

**Option 2: 20% OFF**            12 Monthly Payments of Only
First Payment Due Date: 02-20-2010            **$1,772.07**

**Option 3: Monthly Payments As Low As:**    $50 per month†
†  Call today to discuss your options and get more details.

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

Sincerely,

Midland Credit Management
(800) 282-2644

**Pay your bill online and view additional offers-
log on to www.mcmpayments.com today!**

### Benefits of Paying!

▸ **We will stop applying interest to your account!**

▸ **Your credit report will be updated with the payments made!***

▸ Once you make your agreed-upon payments to settle your account, your credit report will be updated as 'Paid in Full'*

### CALL US TODAY!
**(800) 282-2644**

* Your credit report will not be updated if the federal reporting period has expired

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION
*Please tear off and return lower portion with payment in the envelope provided*

---

### PAYMENT COUPON

MCM Account No.:        ▬▬▬▬
Original Account No.:   ▬▬▬▬
Current Balance:    $26,581.13

**Payment Due Date: 02-20-2010**

Amount Enclosed: _____

Payment Options:
1) Mail in this coupon with your payment
2) Pay by phone (800) 282-2644

Make Check Payable to:
Midland Credit Management, Inc.

**mcm** Midland Credit Management, Inc.
P.O. Box 60578
Los Angeles, CA 90060-0578
Hduddhudlhmdhdhdhmhhlhhdhmdhdhhhd

12 8527509937 3 1594868 022010 8

3844 - PMP4 - 22674

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2010, I electronically filed the foregoing pleading and that a copy of the foregoing document has been served this day upon:

**1.    Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Elizabeth J Arleo**
  elizabeth@arleolaw.com

**2.    Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing).

Ronald Naves
General Counsel
MIDLAND CREDIT MANAGEMENT, INC.
8875 Aero Drive, Suite 200
San Diego, CA 92129

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on February 16, 2010.

s/ Elizabeth J. Arleo

ELIZABETH J. ARLEO